UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>06-14023-CR-MOORE</u>

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARC JACQUES,[1]
  a/k/a Riggins Elan,
  a/k/a Jason Adams,
  a/k/a Walter King,

        Defendant.
_____/

## GOVERNMENT'S RESPONSE TO ELEVENTH CIRCUIT MANDATE (DE194) AND DEFENDANT'S *PRO SE* MOTION TO POSTPONE RELEASE FROM CONFINEMENT (DE195)

The United States of America, by and through the undersigned Assistant United States Attorney, files this omnibus response to the Eleventh Circuit Mandate, issued on April 9, 2021, remanding the denial of Marc Jacques's previous motion for reduction of sentence (DE183) back to the District Court for proceedings consistent with its opinion (DE194), and Jacques's *pro se* motion to postpone release from confinement (DE195), and states as follows:

Marc Jacques's May 2006 indictment charged him with possessing 5 grams or more of cocaine base—also known as "crack" cocaine—with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (DE12). The government filed notice of its intent to seek an enhanced sentence, pursuant to 21 U.S.C. § 851, because Jacques had several prior drug-related felony convictions (DE25). The version of § 841 in effect at the time increased Jacques's maximum sentence to life

---

[1] As noted in PSI ¶¶ 58 and 59, Jacques's true identity was unknown at the time of his arrest and conviction in the underlying case, and it remains unknown to this date.

imprisonment due to his prior convictions. See 21 U.S.C. § 841(b)(1)(B) (2006).

In July 2006, Jacques proceeded to trial. Jacques stipulated that the quantity of crack cocaine at issue was 31.6 grams (DE70:125-26). The jury found him guilty and specifically found that he possessed 5 grams or more of crack cocaine (DE34).

In preparation for sentencing, the United States Probation Office compiled a Presentence Investigation Report ("PSI") based on the 2005 Sentencing Guidelines Manual. Pursuant to U.S.S.G. § 2D1.1(a)(3), the PSI found that Jacques had a base offense level of 28 because he possessed at least 20 grams but less than 35 grams of cocaine base (PSI ¶ 14). The PSI also assessed a 2-level increase for obstruction of justice because Jacques took the stand in his own defense and committed perjury, which produced an adjusted offense level of 30 (PSI ¶ 18). However, Jacques's qualification as a career offender superseded that calculation. Pursuant to USSG § 4B1.1(b), the PSI applied a total offense level of 37 because he was a career offender whose offense of conviction carried a maximum term of life imprisonment (PSI ¶ 20).

Jacques's extensive criminal history featured convictions for grand theft and numerous drug-related offenses including possession, delivery, and sale of cocaine, dating from 1997 to 2004 (PSI ¶¶ 25, 28, 40, 44, 48). These prior convictions generated 17 criminal history points, and the PSI added another 2 points because Jacques committed the present offense within two years of his release from custody (PSI ¶ 49 (citing USSG § 4A1.1(e)). Jacques's 19 criminal history points placed him in criminal history category VI, as did his career offender status (PSI ¶ 49).

Based on a total offense level of 37 and a criminal history category of VI, Jacques's advisory guidelines range was 360 months to life imprisonment (PSI ¶ 76).

Jacques objected to the use of his prior convictions to enhance his sentence (DE39). In October 2006, the Court held Jacques's sentencing hearing. The government called a fingerprint

examiner to testify that the fingerprints contained on the convictions used to enhance Jacques's sentence belonged to Jacques. The Court adopted the pertinent factual and legal conclusions of the PSI, including the drug quantity and the advisory guidelines range (DE73). The Court imposed a guidelines sentence of life imprisonment (DE53; DE73).

### a. Jacques's 2019 First Step Act Motion

In March 2019, several months after the passage of the First Step Act of 2018, Jacques filed a motion for a sentence reduction based on § 404 of the Act (DE169; DE180; DE182).

Jacques argued that § 404 of the First Step Act—which retroactively applied sections 2 and 3 of the Fair Sentencing Act of 2010 to defendants with "covered offenses" (i.e., certain crack cocaine violations committed before 2010 that would have triggered different statutory penalties under the Fair Sentencing Act's framework)—granted the district court discretion to resentence him (DE180:5). According to Jacques, the meaning of "covered offense" hinged on a categorical evaluation of his indictment rather than on a conduct-based inquiry into the facts of his crime (DE180:6-7).

The government opposed Jacques's motion and argued that his conviction was not a "covered offense" under the First Step Act. The government contended that he was responsible for 31.6 grams of crack cocaine, and a § 841(a)(1) offense involving more than 28 grams of crack cocaine triggered the same statutory penalties both before and after the Fair Sentencing Act of 2010 (DE171:2). The government relied on Jacques's actual conduct, as opposed to the statute of conviction, in determining the relevant drug quantity.

In August 2019, the Court concluded that Jacques was "ineligible for a reduction in sentence" (DE183:1). The Court adopted the government's interpretation of the First Step Act term "covered offense" and concluded that Jacques was "responsible for more than twenty-eight

3

(28) grams of cocaine base" (DE183:2 (stating that "[t]he Court agrees" with the government's position)). The Court concluded that it lacked the discretion under the First Step Act to reconsider its previous drug-quantity finding made at sentencing and that, as a result, Jacques's career-offender guideline range remained 360 months to life imprisonment. Because his guideline range did not change, the Court concluded that Jacques was ineligible for a sentence reduction under the First Step Act.

Jacques appealed the denial of his motion.

### b. Jacques' Appeal of the Denial of his Motion

While Jacques' appeal was pending before the Eleventh Circuit Court of Appeals, the appellate court issued a ruling in United States v. Jones, 962 F.3d 1290 (11th Cir. 2020), which rejected the government's position that offenses involving 28 grams or more of crack cocaine were not "covered offenses" under the First Step Act.

In United States v. Jones, 962 F.3d 1290 (11th Cir. 2020), the Eleventh Circuit held that offenses like Jacques's conviction are "covered offenses," defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." The Eleventh Circuit noted that Section 404 of the First Step Act grants a district court the discretion to modify a sentence imposed for a "covered offense". The Eleventh Circuit found that eligibility for a sentence reduction under the First Step Act is based on the statute of conviction, and not on a defendant's actual conduct, as the government had originally argued. Id. at 1298-1301.

In response to Jones, the government was forced to file a concession in Jacques' appeal. In 2006, Jacques was subject to the pre-2010 penalties contained in 21 U.S.C. § 841(b)(1)(B). His

indictment charged, and the jury found, that he possessed 5 grams or more of crack cocaine, but the Fair Sentencing Act later increased the threshold quantity in § 841(b)(1)(B) to 28 grams. Thus, his 2006 conviction was a covered offense.

Jones further held that district courts had the *discretion* to reduce the sentences of such defendants unless they already received the lowest possible sentence, i.e., any still-applicable mandatory minimum term of imprisonment. In this case, Jacques's sentence of life imprisonment was not the lowest possible sentence that he could have received. Thus, he is eligible for a reduction under § 404 if, and only if, the Court chooses to exercise its discretion under § 404(c) to grant relief.

### c. **Limits to any Resentencing**

If the Fair Sentencing Act had been in effect in 2006, then Jacques's offense of distributing 5 or more grams of crack cocaine would have fallen within the penalty range set by 21 U.S.C. § 841(b)(1)(C).[2] Accounting for Jacques's § 851 enhancement, § 841(b)(1)(C) provided for a maximum imprisonment term of 30 years. See 21 U.S.C. § 841(b)(1)(C) (2006) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years . . . ."). Thus, Jacques's offense level would be 34, not 37, and his advisory Guidelines imprisonment range would be 262 to 327 months rather than 360 months to life imprisonment. Cf. United States v. Bullock, --- F. App'x ---, 2020 WL 4436267, at *4 (11th Cir. Aug. 3, 2020) (conducting similar

---

[2] The jury's 5-gram finding defines his offense in this post-Apprendi case, despite the fact that Jacques stipulated that his offense involved 31.6 grams of crack cocaine, and the PSI held him accountable for the same. See Jones, 962 F.3d at 1302 (explaining that the First Step Act allows courts to consider any "previous drug-quantity finding that was necessary to trigger the statutory penalty"—meaning a judge-made finding in the pre-Apprendi case or a jury finding in a post-Apprendi one).

calculations for a First Step Act § 404 movant whose statutory maximum also changed from life imprisonment to 30 years).

There are limits to any sentence reduction proceeding that Jacques may receive. To begin with, nothing obligates the Court to alter his sentence, not even the fact that his current sentence is higher than the 30-year statutory maximum that would have applied under the Fair Sentencing Act. "The First Step Act grants the district court discretion to reduce a sentence but does not require a reduction." United States v. Denson, 963 F.3d 1080, 1086-87 (11th Cir. 2020). "District courts have wide latitude to determine whether and how to exercise their discretion in this context." Jones, 962 F.3d at 1304; see also Denson, 963 F.3d at 1087 ("That Denson was eligible for resentencing does not mean he was entitled to it. The First Step Act leaves the choice of whether to resentence and to what extent to the district court's sound discretion." (citation omitted)).

Furthermore, First Step Act § 404 "does not authorize the district court to conduct a plenary or de novo resentencing." Denson, 963 F.3d at 1089 (citing United States v. Hegwood, 934 F.3d 414, 418 (5th Cir. 2019)). "[A] sentence reduction based on the First Step Act is a limited remedy, and the district court is not called upon to answer questions it did not consider at the original sentencing." Id. The district court "is not free to change the defendant's original guidelines calculations that are unaffected by sections 2 and 3" of the Fair Sentencing Act, or "to reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3." Id.; see also Hegwood, 934 F.3d at 418 ("The calculations that had earlier been made under the Sentencing Guidelines are adjusted 'as if' the lower drug offense sentences were in effect at the time of the commission of the offense," and the court "alter[s] the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act."). Jacques' claims that he no longer qualifies as a career offender and/or is ineligible for a Section

851 sentencing enhancement are without merit because those sentencing determinations are unaffected by sections 2 and 3 of the Fair Sentencing Act and cannot now be altered. Jacques' revised guideline range remains 262-327 months' imprisonment as a result of the jury's 5-gram finding in this post-<u>Apprendi</u> case, despite the fact that Jacques stipulated that his offense involved 31.6 grams of crack cocaine, and the PSI, which the Court adopted without objections, held him accountable for the same.

As explained above, the Court may consider the fact that Jacques's advisory guidelines range would be 262 to 327 months' imprisonment based on the Fair Sentencing Act. It also may weigh any relevant 18 U.S.C. § 3553(a) factors, including Jacques's notable and considerable criminal history. <u>See</u> <u>Jones</u>, 962 F.3d at 1304 ("In exercising their discretion, [district courts] may consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)."). The Court should also recall that during his trial, Jacques testified falsely under oath and received at sentencing a 2-level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1 (PSI ¶ 18).

The Court has the discretion to vary upward from Jacques' revised advisory guideline range and can even impose the same sentence of life imprisonment. The First Step Act gives the Court the discretion to resentence Jacques, and the Court can take into consideration what the maximum sentence and advisory guidelines would have been under the Fair Sentencing Act. Again, the Court is not bound, even by the would-be 30-year statutory maximum sentence. This is because the First Step Act does not say that the Fair Sentencing Act applies retroactively and that courts must apply the new reduced penalties; rather, the First Step Act simply gives judges the discretion to reduce sentences as if the Fair Sentencing Act applied.

In his *pro se* motion for release from confinement (DE 195) Jacques seems to put the cart before the horse in assuming that he is eligible for an immediate release. For all of the above-stated reasons, Jacques is simply wrong.

## CONCLUSION

Based on the foregoing, although Jacques is eligible for a resentencing proceeding, the Court retains full discretion to determine whether to reduce, or to let stand, Jacques' life sentence.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: *s/ Rinku Tribuiani*

Rinku Tribuiani
FL Bar No. 0150990
Assistant United States Attorney
500 Australian Avenue, Suite 400
West Palm Beach, Florida 33401

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that April 27, 2021, the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Rinku Tribuiani*
Rinku Tribuiani
Assistant United States Attorney

## SERVICE LIST

**Rinku Tribuiani, AUSA**
United States Attorney's Office
500 Australian Avenue, Suite 400
West Palm Beach, FL 33401
Attorney for Respondent, U.S.A.
Method of Service: CM/ECF

**Marc Jacques,** *pro se*
Reg. No. 75560-004
Atwater-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 019001
Atwater, CA 95301
Method of Service: U.S. Mail